IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **Thomas Magda**,<br>  Plaintiff,<br><br>v.<br><br>**Hyatt Corporation, a Delaware limited liability company, d/b/a Hyatt Regency Orlando,**<br>  Defendants. | Case No: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Thomas Magda ("**Plaintiff**"), sues Hyatt Corporation, a Delaware limited liability company, d/b/a Hyatt Regency Orlando ("**Hyatt**"), and in support thereof states as follows:

## NATURE OF CLAIM

1. This is an action for damages, declaratory relief, and injunctive relief to redress the deprivation of rights secured by the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("**Title VII**"), and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992 ("**FCRA**").

## JURISDICTION AND VENUE

2. The venue of this Court over this controversy is proper as Hyatt has and keeps several locations for transaction of its customary business in the City of Orlando, Orange County, Florida.

3. All of the causes of action alleged herein accrued in Orange County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28. U. S. C. § 1391.

## THE PARTIES

4. Plaintiff, at all times materials hereto, was and is otherwise *sui juris*.

5. Hyatt is a Delaware corporation with its principal place of business located in Chicago, Cook County, Illinois. Defendant is authorized to do business, transact business and engage in commerce in Florida.

6. Hyatt is a hospitality company that manages and franchises luxury and business hotels, resorts, and vacation properties.

7. Hyatt has the requisite number of employees to establish coverage under Title VII and the FCRA (42 U. S. C. §2000(b); Fla. Stat. § 760.02(7)).

8. Defendant, at all times material hereto, was Plaintiff's employer as defined under Title VII and the FCRA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES AND FULFILLMENT OF CONDITIONS PRECEDENT

9. Prior to filing this civil action, Plaintiff timely filed a written charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Florida Commission on Human Relations ("FCHR").

10. The EEOC, which conducts its investigation on its own behalf as well as on behalf of the FCHR pursuant to a work-sharing agreement, did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

11. Plaintiff was issued a Notice of Right to Sue on August 30, 2022. This suit is filed in accordance with that Notice and within the applicable time limitation. Plaintiff's Notice of Right to Sue is attached as **Exhibit "1."**

12. Plaintiff has exhausted all administrative prerequisites and has filed this action within the applicable time period pursuant to Title VII and the FCRA.

13. Plaintiff has fulfilled all conditions precedent to this action.

## STATEMENT OF FACTS

14. Plaintiff is male.

15. In 2010, Plaintiff began working for The Peabody hotel in Orlando as a full-time Banquet Server. In 2013, Hyatt took over operations of The Peabody and Plaintiff became an employee of Hyatt.

16. In November 2019, Plaintiff's supervisor at the time, Kenneth B. Moss ("Moss"), while commenting on Plaintiff's recent weight loss, rubbed Plaintiff's stomach, and touched Plaintiff's penis without Plaintiff's consent. Moss had also previously touched Plaintiff's buttocks

and was known to have touched other male employees inappropriately and without their consent.

17. Following the incident, Plaintiff provided information about the incident to Hyatt's Human Resources department.

18. Hyatt took no remedial or disciplinary action.

19. In March 2020, due to the COVID-19 pandemic, Plaintiff was furloughed.

20. In or around August 2020, it came to Plaintiff's attention that ten of Hyatt's former banquet servers were called back in from furlough to work. Plaintiff was not among them.

21. In approximately October 2020, Plaintiff was laid off.

22. In May 2021, Plaintiff learned that Hyatt was hiring banquet servers. Given his experience and dedicated track record, Plaintiff naturally re-applied and interviewed for the position.

23. Defendant declined to rehire Plaintiff.

24. As a result of Defendant's actions, Plaintiff has suffered lost wages and emotional distress.

25. Plaintiff has retained the undersigned law firm and agreed to pay it a reasonable fee for its services.

## COUNT I
## RETALIATION
## THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E, ET SEQ. ("TITLE VII")

26. This is a cause of action against the Defendant for retaliation in violation of Title VII of the Civil Rights Act of 1964.

27. Plaintiff incorporates herein paragraphs numbers 1 through 25, above.

28. Defendant declined to rehire Plaintiff in retaliation for his prior complaint about sexual harassment.

29. Defendant acted with malice and reckless indifference to the rights of Plaintiff.

30. As a result, Defendant violated Title VII and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff requests that this Court grant the following relief:

A. A declaration by this Court that Defendant violated Title VII;

B. Back pay in the form of lost wages, including lost benefits, plus interest, which resulted from the unlawful retaliation;

C. Pecuniary and non-pecuniary compensatory damages for pain, suffering, mental anguish, and emotional distress caused by Defendant's discriminatory actions;

D. Punitive damages;

E. Costs of this action, together with reasonable attorneys' fees;

F. Post-judgment interest; and

H. Such other and further relief as is just, equitable, and proper.

## COUNT II
## RETALIATION
### Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992

31. This is a cause of action against the Defendant for retaliation in violation of Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992.

32. Plaintiff incorporates herein paragraphs numbers 1 through 25, above.

33. Defendant declined to rehire Plaintiff in retaliation for his prior complaint about sexual harassment.

34. Defendant acted with malice and reckless indifference to the rights of Plaintiff.

35. As a result, Defendant violated Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff requests that this Court grant the following relief:

A. A declaration by this Court that Defendant violated the FCRA;

B.   Back pay in the form of lost wages, including lost benefits, plus interest, which resulted from the unlawful retaliation;

C.   Pecuniary and non-pecuniary compensatory damages for pain, suffering, mental anguish, and emotional distress caused by Defendant's discriminatory actions;

D.   Punitive damages;

E.   Costs of this action, together with reasonable attorneys' fees;

F.   Post-judgment interest; and

H.   Such other and further relief as is just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on and for all issues so triable.

Respectfully submitted this 28th day of November, 2022.

/s/ J. Kemp Brinson
J. Kemp Brinson
Fla. Bar No. 752541
**BLOODWORTH LAW, PLLC**
801 N. Magnolia Ave., Ste. 216
Orlando, FL 32803
Office: (407) 777-8541
Primary: KBrinson@LawyerFightsForYou.com
Secondary: RKovacevic@LawyerFightsForYou.com
Attorney for Plaintiff