# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| THOMAS MAGDA, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 6:22-cv-02200-CEM-DCI |
| HYATT CORPORATION, a Delaware limited liability company, d/b/a HYATT REGENCY ORLANDO, | ) |
| Defendant. | ) |

## DEFENDANT, HYATT CORPORATIONS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, HYATT CORPORATION[1] d/b/a HYATT REGENCY ORLANDO ("Defendant"), by and through its undersigned counsel, and pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, answers the correspondingly numbered paragraphs of the Complaint and Demand for Jury Trial (Doc. 1) filed by Plaintiff, THOMAS MAGDA ("Plaintiff"), and asserts defenses as follows:

---

[1] Plaintiff, THOMAS MAGDA, has sued the improper entity.  The proper entity is **Hyatt Hotels of Florida, Inc. d/b/a Hyatt Regency Orlando**.  While we are answering on behalf of the improperly sued entity, this Answer should not be construed as admitting or otherwise accepting Hyatt Corporation as the proper entity for this suit.

## NATURE OF CLAIM

1. Defendant admits Plaintiff purports this action to be an action for violation of Title VII and the FCRA for damages, declaratory relief, and injunctive relief, but denies any wrongdoing and denies Plaintiff suffered any damages. Defendant denies the remaining allegations and inferences in paragraph 1 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

2. Defendant admits that Hyatt Hotels of Florida, Inc. d/b/a Hyatt Regency Orlando regularly conducts business in the City of Orlando, Orange County, Florida and that this is the proper venue for this action but denies the remaining allegations in Paragraph 2.

3. Defendant admits that Plaintiff purports that the allegations occurred in Orange County, Florida during Plaintiff's employment with Defendant, but denies any wrongdoing.

## THE PARTIES

4. Defendant is without knowledge as to, and, therefore, denies the allegations in paragraph 4.

5. Defendant admits the allegations in paragraph 5.

6.  Defendant admits that Hyatt Hotels of Florida, Inc. d/b/a Hyatt Regency Orlando manages luxury and business hotels, resorts, and vacation properties, but denies the remaining allegations in paragraph 6.

7.  Defendant admits that it maintains the requisite number of employees to be considered an employer under Title VII and the FCRA (42 U.S.C. § 2000(b); Fla. Stat. § 760.02(7)) but denies any violation thereof or any wrongdoing.

8.  Defendant admits that the proper entity, Hyatt Hotels of Florida, Inc. d/b/a Hyatt Regency Orlando, was the employer of Plaintiff, THOMAS MAGDA, as defined under Title VII and the FCRA, but denies any violation thereof or any wrongdoing.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES AND FULFILLMENT OF CONDITIONS PRECEDENT[2]

9.  Defendant admits that Plaintiff filed a written charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). Defendant is without knowledge as to, and, therefore, denies the remaining allegations in paragraph 9.

---

[2] Defendant is utilizing Plaintiff's headings in the Complaint for ease in the Court's review but does not admit any allegations or inferences in the headings.

3

10. Defendant admits that the EEOC did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

11. Defendant admits that the Notice of Right to Sue was issued on August 30, 2022, and that the Complaint, filed on November 28, 2022, was filed on the 90th day and within the applicable time limitation.

12. Defendant states that the allegations in paragraph 12 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and inferences contained in paragraph 12.

13. Defendant states that the allegations in paragraph 13 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and inferences contained in paragraph 13.

## STATEMENT OF FACTS

14. Defendant admits the allegations in paragraph 14.

15. Defendant admits the allegations in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant admits that Plaintiff, THOMAS MAGDA, complained of the alleged sexual harassment to Defendant's Human Resources department, but

denies that such sexual harassment took place and further denies the remaining allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant admits that Plaintiff, THOMAS MAGDA, was furloughed due to the COVID-19 pandemic.

20. Defendant admits that it called back banquet servers after the furlough period, and that Plaintiff, THOMAS MAGDA, was not among the employees called back. Defendant denies the remaining allegations and inferences contained in paragraph 20.

21. Defendant admits that Plaintiff was laid off from his employment with the Defendant in approximately October 2020 but denies that such termination was for any discriminatory or retaliatory purpose.

22. Defendant admits that in May 2021, it was hiring banquet servers and that Plaintiff re-applied and interviewed for the position. Defendant denies the remaining allegations and inferences contained in paragraph 22.

23. Defendant admits that it did not rehire Plaintiff, THOMAS MAGDA, but denies that such decision to not rehire Plaintiff was due to any discriminatory or retaliatory purpose.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant is without knowledge as to, whether Plaintiff, THOMAS MAGDA, retained the undersigned law firm and agreed to pay it a reasonable fee for its services and, therefore, denies the allegations contained in paragraph 25.

## COUNT I
## RETALIATION
## THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E, ET SEQ. ("TITLE VII")

26. Defendant admits that Plaintiff purports that this is an action for retaliation but denies any violation of Title VII of the Civil Rights Act of 1964 or any other wrongdoing.

27. Defendant realleges and incorporates its responses to paragraphs 1 through 25 as fully set forth herein.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30. Defendant denies any liability and denies that Plaintiff is entitled to any of the relief requested in the unnumbered WHEREFORE paragraph following paragraph 30, including subparagraphs A-H.

## COUNT II
## RETALIATION
## Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992

31. Defendant admits that Plaintiff purports that this is an action for retaliation but denies any violation of Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992.

32. Defendant realleges and incorporates its responses to paragraphs 1 through 30 as fully set forth herein.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

Defendant denies any liability and denies that Plaintiff is entitled to any of the relief requested in the unnumbered WHEREFORE paragraph following paragraph 35, including subparagraphs A-H.

## JURY DEMAND

Defendant admits that Plaintiff seeks a trial by jury. Defendant, however, denies that there is any genuine issue of material fact to be tried.

## GENERAL DENIAL

To the extent not expressly admitted herein, Defendant hereby denies the allegations of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses, without prejudice to its right to argue that Plaintiff bears the burden of proof regarding some or all these defenses:

### FIRST DEFENSE

All decisions and actions made with respect to Plaintiff's employment were made for legitimate, non-discriminatory, and non-retaliatory reasons and were based on grounds other than Plaintiff's allegations of sexual harassment.

### SECOND DEFENSE

Plaintiff's damages, if any, must be reduced, in whole or in part, because Plaintiff failed to take reasonable steps to mitigate his damages.

### THIRD DEFENSE

Defendant asserts that, at all material times hereto, it had reasonable procedures in place to prevent and cure any retaliatory practices, and Plaintiff failed to take advantage of such mechanisms.

### FOURTH DEFENSE

Defendant has made good-faith efforts to prevent retaliation in its workplace, and thus, cannot be liable for the decisions of its agents to the extent

the challenged employment decision was contrary to its efforts to comply with anti-retaliation statutes.

### FIFTH DEFENSE

Plaintiff's interim earnings, or amounts he could have earned with reasonable diligence, should reduce any back pay otherwise recoverable by Plaintiff.

### SIXTH DEFENSE

Plaintiff's claims are barred to the extent discovery shows he engaged in misconduct prior to, during, or concurrent with his employment that otherwise would have resulted in the decision to not rehire Plaintiff if such conduct were then known to Defendant.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### EIGHTH DEFENSE

Defendant asserts that to the extent Plaintiff has received benefits from collateral sources or other setoffs, Plaintiff's claims for damages should be reduced accordingly.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's claims are outside the scope of his Charge of Discrimination, and he has failed to exhaust his administrative remedies.

## TENTH DEFENSE

Plaintiff is estopped from pursuing the Complaint, and each of its causes of action, and claiming damages associated with the Complaint, by reason of his own actions and course of conduct.

## ELEVENTH DEFENSE

Plaintiff has waived the right, if any, to pursue the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

## TWELFTH DEFENSE

Defendant's conduct and actions were at all times undertaken in good faith, and without malice, reckless disregard or ill-will toward Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent that there was no causal connection between the events in his Complaint and any damages he allegedly suffered.

## **FOURTEENTH DEFENSE**

Defendant's decision to not rehire Plaintiff was not in any way based on his complaint from over a year and a half ago, and the complaint was not the "but for" reason for the decision to not rehire Plaintiff.

## **RESERVATION**

Defendant reserves the right to bring any additional affirmative defenses that become known during the litigation of this matter.

WHEREFORE, Defendant, HYATT CORPORATION d/b/a HYATT REGENCY ORLANDO, respectfully prays that this Court will: (i) enter judgment in its favor and against Plaintiff, (ii) award Defendant its costs of suit herein, (iii) award Defendant reasonable attorneys' fees as may be determined by the Court, and (iv) grant such other and further relief as this Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 21st day of December, 2022.

        Respectfully submitted,

        JACKSON LEWIS P.C.
        390 North Orange Avenue, Suite 1285
        Orlando, Florida 32801
        Telephone:  (407) 246-8440
        Facsimile:    (407) 246-8441

By:   */s/ Amanda A. Simpson*
      Amanda A. Simpson
      Florida Bar No. 0072817
      amanda.simpson@jacksonlewis.com

      Nikolas S. Dean
      Florida Bar No. 1025362
      nikolas.dean@jacksonlewis.com

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of December, 2022, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:  J. Kemp Brinson, Esquire, Bloodworth Law, PLLC, 801 N. Magnolia Ave., Suite 216, Orlando, Fl 32803.

        */s/ Amanda A. Simpson*
        Amanda A. Simpson

4888-4092-2177, v. 1